UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- :
IN RE WORLD TRADE CENTER                              :
DISASTER SITE LITIGATION                              :
-------------------------------------------------------------- :
                                                      :
JOSEPH GAROFALO,                                      :
                                                      :
                        Plaintiff,                    :
                                                      :
    -against-                                         :
                                                      :
THE CITY OF NEW YORK, AMEC                            :
CONSTRUCTION MANAGEMENT, INC.,                        :
BECHTEL ENVIRONMENTAL, INC.,                          :
BOVIS LEND LEASE LMB, INC.,                           :
TULLY CONSTRUCTION CO., INC. and                      :
TURNER CONSTRUCTION COMPANY,                          :
                                                      :
                        Defendants.                   :
-------------------------------------------------------------- :

**21 MC 100 (AKH)**

**DOCKET NO.** 07- CV- 5703
**Judge Hellerstein**

**CHECK-OFF ("SHORT FORM")
COMPLAINT RELATED TO
THE MASTER COMPLAINT**

**PLAINTIFF(S) DEMAND A**

**TRIAL BY JURY**

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006, ("the Order"), Amended Master Complaints for all Plaintiffs were filed on August 18, 2006.

NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaint are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "[/]" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiffs, JOSEPH GAROFALO, by his attorneys OSHMAN & MIRISOLA, LLP, complaining of Defendant(s), respectfully allege:

**I. PARTIES**

**A. PLAINTIFF(S)**

1. [/] Plaintiff, JOSEPH GAROFALO (hereinafter the "Injured Plaintiff"), is an individual and a citizen of New York residing at 95-13 90th Street, Ozone Park, New York 11416.

(OR)

2. Alternatively, ☐ _____ is the _____ of Decedent _____, and brings this claim in his (her) capacity as of the Estate of _____.

3. [] Plaintiff, (hereinafter the "Derivative Plaintiff"), is a citizen of New York residing at_____, and has the following relationship to the Injured Plaintiff:
   [] SPOUSE at all relevant times herein, is and has been lawfully married to Plaintiff _____, and brings this derivative action for her loss due to the injuries sustained by her/ his husband, Plaintiff_____.
   ☐ Parent ☐ Child ☐ Other: _____

4. In the period from on or about 9/11/2001 to 9/19/01 the Injured Plaintiff was employed by the New York City Correction Department and C.O.B.A, but worked as a volunteer in uniform:

*Please be as specific as possible when filling in the following dates and locations*

| [/] The World Trade Center Site Location(s) (*i.e.,* building, quadrant, etc.) all quadrants. From on or about 9/11/2001 until 9/19/01 and Approximately 8 hours per day; for Approximately 9 days total. _____ [] The New York City Medical Examiner's Office From on or about _____ until _____, Approximately _____ hours per day; for Approximately _____ days total. _____ [] The Fresh Kills Landfill From on or about _____ until _____; Approximately __ hours per day; for Approximately __ days total. | [] The Barge From on or about____ until _____; Approximately ___ hours per day; for Approximately ___ days total. _____ ☐ *Other:*\* For injured plaintiffs who worked at Non-WTC Site building or location. The injured plaintiff worked at the address/location, for the dates alleged, for the hours per day, for the total days, and for the employer, as specified below: From on or about _____ until _____; Approximately _____ hours per day; for Approximately _____ days total; Name and Address of Non-WTC Site Building/Worksite: _____ |

\* Continue this information on a separate sheet of paper if necessary. If more space is needed to specify "Other" locations, please annex a separate sheet of paper with the information.

5. Injured Plaintiff

   [/] Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated

2

above;

[/]   Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

[/]   Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

[/] Other: not yet determined

6.   Injured Plaintiff

[/]   Has not made a claim to the Victim Compensation Fund. Pursuant to §405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐   Made a claim to the Victim Compensation Fund that was denied. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐   Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

☐   Made a claim to the Victim Compensation Fund that was granted. Pursuant to § 405(c)(3)(B)(i) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, Ground Zero-Plaintiff has waived her/his right(s) to pursue any further legal action for the injuries identified in said claim.

## B. DEFENDANT(S)

The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

[/] THE CITY OF NEW YORK
    [/] A Notice of Claim was timely filed and served on June 14, 2007 and
    ☐ pursuant to General Municipal Law §50-h the CITY held a hearing on _____
    (OR)
    ☐ The City has yet to hold a hearing as required by General Municipal Law §50-h
    ☐ More than thirty days have passed and the City has not adjusted the claim
    (OR)
    [/] An Order to Show Cause application to
    [/] deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc*) has been filed and a determination
    [\] is pending
    ☐ Granting petition was made on _____
    ☐ Denying petition was made on _____

========================================

[] PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]
    [] A Notice of Claim was filed and served pursuant to Chapter 179, §7 of The Unconsolidated Laws of the State of New York on 6/30/06
    ☐ More than sixty days have elapsed since the Notice of Claim was filed, (and)
    ☐ the PORT AUTHORITY has adjusted this claim
    ☐ the PORT AUTHORITY has not adjusted this claim.

☐ 1 WORLD TRADE CENTER, LLC
☐ 1 WTC HOLDINGS, LLC
☐ 2 WORLD TRADE CENTER, LLC
☐ 2 WTC HOLDINGS, LLC
☐ 4 WORLD TRADE CENTER, LLC
☐ 5 WORLD TRADE CENTER, LLC
☐ 5 WTC HOLDINGS, LLC
[/] AMEC CONSTRUCTION MANAGEMENT, INC.
☐ 7 WORLD TRACE COMPANY, L.P.
☐ A RUSSO WRECKING
☐ ABM INDUSTRIES, INC.
☐ ABM JANITORIAL NORTHEAST, INC
☐ AMEC EARTH & ENVIRONMENTAL, INC.
☐ ANTHONY CORTESE SPECIALIZED HAULING, LLC, INC.
☐ ATLANTIC HEYDT CORP
☐ BECHTEL ASSOCIATES PROFESSIONAL CORPORATION
☐ BECHTEL CONSTRUCTION, INC.
BECHTEL CORPORATION
[/] BECHTEL ENVIRONMENTAL, INC.
☐ BERKEL & COMPANY, CONTRACTORS, INC.
☐ BIG APPLE WRECKING & CONSTRUCTION CORP
[ ]BOVIS LEND LEASE, INC.
[/] BOVIS LEND LEASE LMB, INC.
☐ BREEZE CARTING CORP
☐ BREEZE NATIONAL, INC.
☐ BRER-FOUR TRANSPORTATION CORP.
☐ BURO HAPPOLD CONSULTING ENGINEERS, P.C.
☐ C.B. CONTRACTING CORP
☐ CANRON CONSTRUCTION CORP
☐ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.
☐ CORD CONTRACTING CO., INC
☐ CRAIG TEST BORING COMPANY INC.
☐ DAKOTA DEMO-TECH
☐ DIAMOND POINT EXCAVATING CORP
☐ DIEGO CONSTRUCTION, INC.
☐ DIVERSIFIED CARTING, INC.
☐ DMT ENTERPRISE, INC.
☐ D'ONOFRIO GENERAL

- ☐ EAGLE LEASING & INDUSTRIAL SUPPLY
- ☐ EAGLE ONE ROOFING CONTRACTORS INC.
- ☐ EAGLE SCAFFOLDING CO, INC.
- ☐ EJ DAVIES, INC.
- ☐ EN-TECH CORP
- ☐ ET ENVIRONMENTAL
- ☐ EVANS ENVIRONMENTAL
- ☐ EVERGREEN RECYCLING OF CORONA
- ☐ EWELL W. FINLEY, P.C.
- ☐ EXECUTIVE MEDICAL SERVICES, P.C.
- ☐ F&G MECHANICAL, INC.
- ☐ FLEET TRUCKING, INC.
- ☐ FRANCIS A. LEE COMPANY, A CORPORATION
- ☐ FTI TRUCKING
- ☐ GILSANZ MURRAY STEFICEK, LLP
- ☐ GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC
- ☐ HALLEN WELDING SERVICE, INC.
- ☐ H.P. ENVIRONMENTAL
- ☐ KOCH SKANSKA INC.
- ☐ LAQUILA CONSTRUCTION INC
- ☐ LASTRADA GENERAL CONTRACTING CORP
- ☐ LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C.
- ☐ LIBERTY MUTUAL GROUP
- ☐ LOCKWOOD KESSLER & BARTLETT, INC.
- ☐ LUCIUS PITKIN, INC
- ☐ LZA TECH-DIV OF THORTON TOMASETTI
- ☐ MANAFORT BROTHERS, INC.
- ☐ MAZZOCCHI WRECKING, INC.
- ☐ MERIDIAN CONSTRUCTION CORP.
- ☐ MORETRENCH AMERICAN CORP.
- ☐ MRA ENGINEERING P.C.
- ☐ MUESER RUTLEDGE CONSULTING ENGINEERS
- ☐ NACIREMA INDUSTRIES INCORPORATED
- ☐ NEW YORK CRANE & EQUIPMENT CORP.
- ☐ NICHOLSON CONSTRUCTION COMPANY
- ☐ PETER SCALAMANDRE & SONS, INC.
- ☐ PHILLIPS AND JORDAN, INC.
- ☐ PINNACLE ENVIRONMENTAL CORP
- ☐ PLAZA CONSTRUCTION CORP.
- ☐ PRO SAFETY SERVICES, LLC
- ☐ PT & L CONTRACTING CORP
- ☐ REGIONAL SCAFFOLD & HOISTING CO, INC.
- ☐ ROBER SILMAN ASSOCIATES
- ☐ ROBERT L GEROSA, INC
- ☐ RODAR ENTERPRISES, INC.
- ☐ ROYAL GM INC.
- ☐ SAB TRUCKING INC.
- ☐ SAFEWAY ENVIRONMENTAL CORP
- ☐ SEASONS INDUSTRIAL CONTRACTING
- ☐ SILVERITE CONTRACTING CORPORATION
- ☐ SILVERSTEIN PROPERTIES
- ☐ SILVERSTEIN PROPERTIES, INC.
- ☐ SILVERSTEIN WTC FACILITY MANAGER, LLC
- ☐ SILVERSTEIN WTC, LLC
- ☐ SILVERSTEIN WTC MANAGEMENT CO., LLC
- ☐ SILVERSTEIN WTC PROPERTIES, LLC
- ☐ SILVERSTEIN DEVELOPMENT CORP.
- ☐ SILVERSTEIN WTC PROPERTIES LLC
- ☐ SIMPSON GUMPERTZ & HEGER INC
- ☐ SKIDMORE OWINGS & MERRILL LLP
- ☐ SURVIVAIR
- ☐ TAYLOR RECYCLING FACILITY LLC
- ☐ TISHMAN INTERIORS CORPORATION,
- ☐ TISHMAN SPEYER PROPERTIES,

| | |
|---|---|
| ☐ TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN<br>☐ TISHMAN CONSTRUCTION CORPORATION OF NEW YORK<br>☐ THORNTON-TOMASETTI GROUP, INC.<br>☐ TORRETTA TRUCKING, INC<br>☐ TOTAL SAFETY CONSULTING, L.L.C<br>☐ TUCCI EQUIPMENT RENTAL CORP<br>[/] TULLY CONSTRUCTION CO., INC.<br>☐ TULLY ENVIRONMENTAL INC.<br>☐ TULLY INDUSTRIES, INC.<br>☐ TURNER CONSTRUCTION CO.<br>[/] TURNER CONSTRUCTION COMPANY<br>☐ ULTIMATE DEMOLITIONS/CS HAULING<br>☐ VERIZON NEW YORK INC, | ☐ VOLLMER ASSOCIATES LLP<br>☐ W HARRIS & SONS INC<br>☐ WEEKS MARINE, INC.<br>☐ WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C.<br>☐ WHITNEY CONTRACTING INC.<br>☐ WOLKOW-BRAKER ROOFING CORP<br>☐ WORLD TRADE CENTER PROPERTIES, LLC<br>☐ WSP CANTOR SEINUK GROUP<br>☐ YANNUZZI & SONS INC<br>☐ YONKERS CONTRACTING COMPANY, INC.<br>☐ YORK HUNTER CONSTRUCTION, LLC<br>☐ ZIEGENFUSS DRILLING, INC.<br>☐ OTHER: _____ |
| ☐ Non-WTC Site Building Owner<br>Name: _____<br>Business/Service Address:_____<br>Building/Worksite Address:_____<br>☐ Non-WTC Site Lessee<br>Name: _____<br>Business/Service Address:_____<br>Building/Worksite Address:_____ | ☐ Non-WTC Site Building Managing Agent<br>Name: _____<br>Business/Service Address:_____<br>Building/Worksite Address:_____ |

## II. JURISDICTION

The Court's jurisdiction over the subject matter of this action is:

[/] Founded upon Federal Question Jurisdiction; specifically; [/]; Air Transport Safety & System Stabilization Act of 2001, (or); ☐ Federal Officers Jurisdiction, (or); ☐ Other (specify): _____; ☐ Contested, but the Court has already determined that it has removal jurisdiction over this action, pursuant to 28 U.S.C. § 1441.

## III CAUSES OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | |
|---|---|
| [/] Breach of the defendants' duties and obligations pursuant to the New York State Labor Law(s) including §§ 200 and 240 | [/] Common Law Negligence, including allegations of Fraud and Misrepresentation |
| [/] Breach of the defendants' duties and obligations pursuant to the New York State Labor Law 241(6) | [/] Air Quality;<br>[/] Effectiveness of Mask Provided;<br>[/] Effectiveness of Other Safety Equipment Provided |
| [ ] Pursuant to New York General Municipal Law § 205- a | (specify: _____);<br>☐ Other(specify): Not yet determined. |
| [ ] Pursuant to New York General Municipal Law § 205- e | ☐ Wrongful Death |
| | ☐ Loss of Services/Loss of Consortium for Derivative Plaintiff |
| | ☐ Other: _____ |

## IV CAUSATION, INJURY AND DAMAGE

1. As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at the premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

| | |
|---|---|
| ☐ Cancer Injury: N/A.<br>    Date of onset: _____<br>    Date physician first connected this injury<br>    to WTC work: _____ | [] Cardiovascular Injury: N/A<br>    Date of onset:<br>    Date physician first connected this injury<br>    to WTC work: |
| [/] Respiratory Injury: chronic sinusitis, upper airway disease, lower airway disease.<br>    Date of onset: some symptoms began 12/01 and others came later<br>    Date physician first connected this injury to WTC work: 10/12/06 | [/] Fear of Cancer: Yes<br>    Date of onset: _____<br>    Date physician first connected this injury<br>    to WTC work: _____ |
| [/] Digestive Injury: G.E.R.D.<br>    Date of onset: to be provided<br>    Date physician first connected this injury to WTC work: 10/12/06 | [/] Other Injury: infections due to lowered immune system; elevated blood sugar, cystic lesions, excoriation marks over the body (diagnosed 10/12/06)<br>    Date of onset: 6/15/06<br>    Date physician first connected this injury to WTC work: 6/15/06 |

*NOTE: The foregoing is NOT an exhaustive list of injuries that may be alleged.*

2. As a direct and proximate result of the injuries identified in paragraph "1", above, the Ground Zero-Plaintiff has in the past suffered and/or will in the future suffer the following compensable damages:

| | | | |
|---|---|---|---|
| [/] | Pain and suffering | [/] | Expenses for medical care, treatment, and rehabilitation |
| [/] | Loss of the enjoyment of life | | |
| [/] | Loss of earnings and/or impairment of earning capacity | [/] | Other: |
| | | [/] | Mental anguish |
| [/] | Loss of retirement benefits/ diminution of retirement benefits | [/] | Disability |
| | | ☐ | Medical monitoring |
| | | ☐ | Other: _____ |

3. As a direct and proximate result of the injuries described *supra,* the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

8

**Plaintiff(s) demands that all issues of fact in this case be tried before a properly empanelled jury.**

Dated: New York, New York
June 14, 2007

>Yours, etc.
>
>OSHMAN & MIRISOLA, LLP
>Attorneys for Plaintiff
>
>By: /S/ David L. Kremen
>David L. Kremen (DK 6877)
>42 Broadway, 10th Floor
>New York, New York 10004
>(212) 233-2100

Docket No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
=====================================================================

JOSEPH GAROFALO,

                Plaintiff,
  - against -

THE CITY OF NEW YORK, AMEC CONSTRUCTION MANAGEMENT, INC., BECHTEL ENVIRONMENTAL, INC. BOVIS LEND LEASE LMB, INC., TULLY CONSTRUCTION CO., INC. and TURNER CONSTRUCTION COMPANY,

                Defendants.
=====================================================================

**SUMMONS AND VERIFIED COMPLAINT**

=====================================================================
OSHMAN & MIRISOLA, LLP
Attorneys for: Plaintiff
*Office and Post Office Address, Telephone*
42 Broadway, 10th Floor
New York, New York 10004
(212) 233-2100
=====================================================================

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................., 2007*

*............................................................. Esq.*

*Attorney for ..................................................*